**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ROSEMARY GOINS,　　　　　　　　　　　　Case No. 1:19-cv-390

　　Plaintiff,　　　　　　　　　　　　　　　Black, J.
　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.
　　　v.

BURLINGTON COAT FACTORY,

　　Defendant.

## REPORT AND RECOMMENDATION

On May 24, 2019, Plaintiff initiated this case, pro se and *in forma pauperis*, by filing a complaint alleging race-based employment discrimination and retaliation by her former employer.[1] In total, Plaintiff's complaint contains the following allegations:

- Debbie – just repeated what Shannon wanted her to say.

- Shannon – laughed in my face when I told her they were trying to double team me.

- Sierra – harrashed [sic] me about my work.

- Gha – harrashed [sic] me put her hands in my face

- Mel – let other employe[e]s hold items in back. But no B[lack] Americans and laughed in my face when I told her Gha put her hands in my face.

[T]he harrashment [sic] started my first day of work from Sierra.

(Doc. 3 at 2-3). As relief, Plaintiff seeks some …settlement and Burlington Coat Factory to apologi[ze]." (*Id.* at 3).

---

[1]Plaintiff lists as "additional Defendants" the following individuals: "Shannon, Debbie, Sierra, Gha, Mel." (Doc. 3 at 2). However, Plaintiff did not provide either surnames or service documents for any of the individuals and the Clerk did not note them as Defendants on the docket sheet.

Although the undersigned initially recommended dismissal based upon Plaintiff's failure to allege receipt of a Notice of her Right to Sue prior to filing suit, the undersigned rescinded that recommendation and directed service of the complaint after Plaintiff provided a copy of the requisite Notice. (*See* Docs. 4, 5-1, 6). After summons was issued, the U.S. Marshal served the Defendant Burlington Coat Factory by certified mail as directed by the Plaintiff.

On October 24, 2019, Plaintiff filed an application seeking a Clerk's entry of default based upon the failure of Defendant to timely answer, and on October 28, 2019, the Clerk entered a default. (Docs. 9, 10). Plaintiff has now moved for entry of default judgment. In her motion, Plaintiff seeks a monetary judgment of "1.3 million from defendants [sic] for discrimination, Based on race retaliation[,] harassment and wrongfull [sic] termination on April 29, 2019." (Doc. 11).

Although the time for filing a response to Plaintiff's motion for default judgment has expired, the Court's last Order pointed out that Plaintiff appeared not to have effected proper service because she initially served only a retail store location of the corporate Defendant.[2] It is not clear whether the corporate Defendant has a registered agent in Ohio.[3] However, the Notice of the Right to Sue provided by Plaintiff reflects the following corporate address for the Defendant: Valerie Dion, Employment Counsel for Burlington Coat Factory, 1830 Route 130, Burlington, NJ 08016.

---

[2]Rule 4 provides for several methods of service upon a corporation, including delivery of the summons and complaint to an officer or authorized agent. *See* Rule 4(h)(1)(B), Fed. R. Civ. P.

[3]On February 24, 2020, during the time period in which the undersigned was finalizing this R&R, an attorney located in Columbus Ohio entered a "special appearance as counsel for and on behalf of Defendant Burlington Coat Factory." (Doc. 14). By entering a special appearance, Defendant specifically preserved its rights to contest jurisdiction "including the sufficiency of service, and the sufficiency of the factual allegations in the Complaint" as well as Defendant's right to move "to set aside the default entry by the Clerk." (*Id.*)

In the Court's January 13, 2020 Order, the undersigned noted the facially apparent defect in service but declined to make a "final determination as to that issue." (Doc. 12 at 3). Instead, the Court directed Plaintiff to mail a copy of the Order, the docket sheet, and the Plaintiff's motion for default judgment to the attorney who previously had received the Notice of the Right to Sue on which this lawsuit is based. The Court explicitly warned Plaintiff that simply mailing the copy of the Order, the docket sheet, and the Plaintiff's motion for default judgment "<u>is not intended to satisfy the legal requirements for service of her complaint</u>." (Id. at 3, ¶ 2). The Court further explained:

> If Plaintiff wishes to ensure proper service, she must provide adequate information concerning the person(s) and address(es) to be served, along with new copies of her complaint, subpoena(s), and form(s) for service by the U.S. Marshal, as are required for service upon a domestic corporation under Rule 4 of the Federal Rules of Civil Procedure.

(*Id.*) The Court went so far as to spell out for Plaintiff in a footnote the general requirements listed in Rule 4 for serving a corporation. (*Id.* at n.3).

Plaintiff filed a status report on February 5, 2020 stating that she mailed a copy of the Court's last Order, the docket sheet and her motion for default judgment to employment counsel in New Jersey. However, the record does not reflect service on the Defendant of the complaint.

Plaintiff initiated suit on May 24, 2019. Pursuant to Rule 4(m), Fed. R. Civ. P., a defendant must be served within 90 days after the complaint is filed. If a plaintiff fails to timely serve the defendant, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.*

Because the only record of service is facially defective, the undersigned now recommends the denial of Plaintiff's motion for default judgment. In addition, upon closer

3

examination, the undersigned concludes that the compliant fails to state any federal claim of employment discrimination under *Iqbal* standards. Even construing Plaintiff's allegations liberally, she has not provided sufficient factual detail to make out a violation of federal law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that complaint must include sufficient factual matter beyond "an unadorned, the-defendant-unlawfully-harmed-me accusation"). Default judgment cannot be entered where a complaint fails to state any viable claim. Last, because the 90-day deadline within which Plaintiff was required to achieve service has now expired, the undersigned alternatively recommends dismissal on that basis.

Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's motion for default judgment (Doc. 11) be **DENIED** and that this case be dismissed *sua sponte*, without prejudice, based upon a failure to achieve timely service and/or a failure to state any claim as a matter of law.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ROSEMARY GOINS,

    Plaintiff,

        v.

BURLINGTON COAT FACTORY,

    Defendant.

Case No. 1:19-cv-390

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).